STATE v. THE CITY OF PORT ST. JOE, a municipality.

180 So. 29.
Division B.
No. 376.
Opinion Filed March 31, 1938.

*Jno H. Carter, Jr.,* State Attorney, for Appellant;

*E. Clay Lewis, Jr.,* and *Knight, Adair, Cooper & Osborne,* for Appellee.

CHAPMAN, J.—On December 21, 1937, Honorable Ira A. Hutchison, a Judge of the Circuit Court in and for Gulf County, Florida, made and entered a final decree ratifying, confirming and validating bonds issued by the City of Port St. Joe, a municipal corporation of Gulf County, Florida, in the sum of $175.000.00, bearing interest at 4% and maturing annually from 1940 to 1959, and the proceeds of the sale of the bonds to be used in dredging of a ship channel within the city limits of the City of Port St. Joe, Florida. The necessary ordinances and resolutions, were duly passed by the Commissioners of the City of Port St. Joe, the proposed issue was submitted to a vote of the freeholders of said city at a lawfully called and duly advertised notice of an election and approved by the required number of qualified freeholders electors participating in said election. The ordinance and resolutions were prepared and authorized under Chapter 6758, Laws of

Florida, Special Acts 1913; and the validation proceedings under Chapter 14715, Laws of Florida, Acts of 1931.

. While it is true that Chapter 6758, Laws of Florida, Special Acts of 1913, being the Charter of the City of Port St. Joe, was abolished and amended and re-enacted by Chapter 18816, Laws of Florida, Special Acts of 1937, all proceedings in connection with this bond issue were carried forward and affirmed, approved and fully ratified by Chapter 18820 and 18821.

The appellant in this case, by Honorable John H. Carter, Jr., State Attorney of Gulf County, Florida, has assigned as error in this Court the final decree appealed from.

We have given due consideration to assignments from one to six and authorities cited in the brief to sustain them. We have had before us a companion case to the one at bar where each question here presented was by this Court duly considered. We hold that this case is ruled by the one decided this day between the same parties. The difference in the cases is the purpose for which the proceeds should be used. The proceeds of the sale of the bonds in the instant case is for dredging a ship canal within the incorporated limits of said city, while the proceeds of the sale of the bonds in the companion case are to be used for the purchase of docks within said city.

There being no error in the record the decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.